**VENABLE LLP**
Daniel S. Silverman (SBN 137864)
Email: dsilverman@venable.com
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

**THORPE NORTH & WESTERN LLP**
Mark M. Bettilyon (Admitted *Pro Hac Vice*)
Email: mark.bettilyon@tnw.com
Jed H. Hansen (Admitted *Pro Hac Vice*)
Email: hansen@tnw.com
175 South Main, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633

*Attorneys for Defendants Lowe's Home Centers, LLC and Fry's Electronics, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CHIA-LING HUANG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC., a North Carolina limited liability company; FRY'S ELECTRONICS, INC. and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-10545-SJO-JEM<br><br>**DEFENDANTS LOWE'S HOME CENTERS, LLC AND FRY'S ELECTRONICS, INC.'S REPLY IN SUPPORT OF MOTION TO STAY PURSUANT TO THE CUSTOMER SUIT EXCEPTION**<br><br>JURY TRIAL DEMANDED<br><br>DATE: July 22, 2019<br>TIME: 10:00 AM<br>CTRM: 10C<br>JUDGE: Hon. S. James Otero |

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

FACTS APPLICABLE TO THIS REPLY ............................................................1

    I.    Huang's Contacts with Simple Products in Utah ................................1

    II.   Sales of Huang's Invention in Utah .....................................................3

    III.  Simple Products is Indemnifying Lowe's and Fry's ..........................4

ARGUMENT .........................................................................................................4

    I.    Huang Provides No Support for Her Argument that a Decision on the Motion to Stay Should be Deferred Until After the Utah Court Decides Her Forthcoming Motion to Dismiss ..........................4

    II.   Huang Provides No Support for Her Argument that She is Not Subject to Personal Jurisdiction in Utah ...............................................6

    III.  Huang is Subject to Personal Jurisdiction in Utah .............................7

        A.   *Huang Transacts Business Within Utah as Required by Utah's Long-Arm Statute* ...........................................................7

        B.   *Huang Has Minimum Contacts with the State of Utah* ............8

        C.   *It is Reasonable and Fair for the Court in Utah to Exercise Personal Jurisdiction Over Huang* ...........................9

    IV.  Huang Does Not Address the Motion to Stay Factors and Thereby Waives Her Arguments Against Entry of a Motion to Stay .......................................................................................................9

    V.   If the Court Grants the Motion to Stay, it Does Not Need to Issue an Order Regarding Discovery from Lowe's and Fry's ..........11

CONCLUSION ...................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Akro Corp. v. Luker*,
    45 F.3d 1541 (Fed. Cir. 1995)......................................................................9

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008)....................................................................8

*Bristol-Myers Squibb v. Superior Court of Cal.*,
    137 S.Ct. 1773 (2017)..................................................................................8

*Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*,
    297 F.3d 1343 (Fed. Cir. 2002)....................................................................9

*Inamed Corp. v. Kuzmak*,
    249 F.3d 1356 (Fed. Cir. 2001)....................................................................8

*Int'l Shoe Co. v. Washington*,
    326 U.S. 310 (1945).....................................................................................8

*Jack Henry & Assocs. v. Plano Encryption Techs. LLC*,
    910 F.3d 1199 (Fed. Cir. 2018)................................................................8, 9

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ...................................................................10

*Maxchief Invs., Ltd. v. Wok & Pan, Ind., Inc.*,
    2017 U.S. Dist. LEXIS 215440 (E.D. Tenn. Sep. 29, 2017). ......................6

*Sillage LLC v. Kenrose Perfumes Inc.*,
    2015 U.S. Dist. LEXIS 75965 (C.D. Cal. June 9, 2015) .............................4

*Telemac Corp. v. Teledigital, Inc.*,
    450 F. Supp. 2d 1107 (N.D. Cal. 2006) .....................................................10

*Universal Electronics, Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) .....................................................10

*Wok & Pan, Indus. v. Staples, Inc.*,
    2015 U.S. Dist. LEXIS 185193 (C.D. Cal. Aug. 25, 2015).........................5

*Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*,
    848 F.3d 1346 (Fed. Cir. 2017)................................................................7, 9

**Statutes**

Utah Code Ann. § 78B-3-205. ...............................................................................7

**INTRODUCTION**

Defendants Lowe's Home Centers, LLC ("Lowe's") and Fry's Electronics, Inc. ("Fry's) submit this reply in support of their renewed motion to stay pursuant to the customer suit exception.

Plaintiff wholly fails to adequately respond to Lowe's and Fry's renewed motion to stay. Instead, Huang relies on a factually and legally unsupported assertion that this Court should delay its decision on the motion to stay until after the Utah Court decides Huang's allegedly forthcoming motion to dismiss for lack of personal jurisdiction. The Court should not delay its decision on the motion to stay, especially as former Defendant Simple Products Corporation ("Simple Products") is likely to succeed in defending against Huang's motion to dismiss.

Specifically, on information and belief, Huang is subject to personal jurisdiction in Utah because she sells or knowingly authorizes for sale products incorporating her patented design through Alibaba, Best Buy, and/or O'Reilly Auto Parts to customers in Utah. Further still, Huang, or her counsel acting as agents on her behalf, have knowingly engaged in enforcement and negotiation/licensing activity with a known Utah entity, Simple Products, regarding the patent-in-suit.

For the above reasons, Simple Products is likely to succeed in defeating Huang's motion to dismiss for lack of personal jurisdiction. As such, this Court should not further delay issuing the stay for Lowe's and Fry's who are mere customer-resellers of the allegedly infringing product from Simple Products.

**FACTS APPLICABLE TO THIS REPLY**

**I.     Huang's Contacts with Simple Products in Utah**

While acting as agents for Ms. Huang, her attorneys, located in both California and Virginia, voluntarily initiated and engaged in multiple phone calls and dozens of emails with Simple Products' counsel regarding and discussing Ms. Huang's claims of infringement, the invalidity of Ms. Huang's patent, the claims of

the California lawsuit, Simple Products' alleged liability, and multiple offers of settlement, as detailed below.  *See* Dec. of J. Hansen ¶¶ 2-8.

As disclosed in Lowe's and Fry's renewed motion to stay, despite knowing that Simple Products was the manufacturer of the Lux Pro Headlamp at-issue and having multiple communications with counsel for Simple Products, Ms. Huang initially filed her patent infringement action only against Lowe's.  *See* Dkt. No. 44 at *3; Dkt. No. 27-2 ¶ 2.  Simple Products and Fry's were subsequently added as Defendants.  Dkt. No. 44 at *3.  After Lowe's notified Simple Products it was served with process for the original Complaint, Simple Products promptly contacted counsel for Ms. Huang to inform them that Simple Products manufactures the product-at-issue and that Simple Products was the real Defendant-in-interest in the lawsuit.  Dkt. No. 27-2 ¶ 3.

Throughout the course of Ms. Huang's filing of the above complaints, counsel for Ms. Huang entered into settlement negotiations with Simple Products' counsel located in Utah.  *Id.* ¶ 2.  Ms. Huang's counsel met and conferred with Simple Products' Utah counsel and exchanged numerous emails with respect to the Ms. Huang's claims for infringement.  *Id.* ¶ 3.  To date, those settlement negotiations have been unsuccessful.

As part of those emails, Simple Products' Utah counsel sent several Chinese patents ("Chinese Patents") to Ms. Huang's counsel which undermine  Ms. Huang's claim of inventorship.  *Id.* ¶ 4.  Specifically, several Chinese patents for a product very similar to that shown in the '793 Patent were granted to a party different than Ms. Huang.  *Id.* ¶ 5, Ex. A.  Ms. Huang's counsel thereafter sent a declaration to Simple Products' Utah counsel from a "Feng Min" in China stating that Ms. Huang authorized him to file the Chinese Patents and that he mistakenly filed the patents listing himself as the inventor.  *Id.* ¶ 6, Ex. B.

As noted in Lowe's and Fry's Renewed Motion to Stay, Lowe's and Fry's (as well as Simple Products) filed motions to dismiss Ms. Huang's Second

LOWE'S AND FRY'S REPLY ISO RENEWED MOTION TO STAY
2

1 | Amended Complaint.  Dkt. No. 44 at *3-4.  During the pendency of these motions
2 | to dismiss, Ms. Huang's counsel contacted Simple Products' Utah counsel to
3 | schedule a mediation between the parties.  Hansen Dec. ¶ 7.  Specifically, Ms.
4 | Huang's counsel proposed a mediation on May 3rd, May 13th, or May 14th 2019
5 | where Ms. Huang would be in attendance.  *Id.* ¶ 8.  After further settlement
6 | negotiations between the parties, the parties determined that a mediation on those
7 | dates was premature.

As clearly evidenced by her Second Amended Complaint in this lawsuit, Ms. Huang sued Simple Products knowing it to be a Utah corporation.  Dkt. No. 18 ¶ 3 ("Defendant SIMPLE PRODUCTS CORPORATION . . . is a Utah corporation with its corporate headquarters located at 138 E. 12300 South, Suite C-165, Draper, Utah 84020.").  Furthermore, before Simple Products was dismissed from this lawsuit, counsel for Ms. Huang repeatedly communicated with counsel for Simple Products regarding this lawsuit.  On information and belief, Ms. Huang's agent attorneys knowingly engaged in these discussions understanding that Simple Products is located in Utah and knowing that counsel for Simple Products is also in Utah.

## II. Sales of Huang's Invention in Utah

Counsel for Lowe's and Fry's previously discovered numerous products that appear similar to the invention claimed in the '793 Patent that are offered for sale on the website Alibaba.com to consumers in Utah.  *See* Hansen Dec. ¶ 9, Ex. C.  Upon information and belief, these headlamp products utilizing the design allegedly covered by the '793 Patent on the Alibaba website may be purchased by Utah residents.  Additionally, upon information and belief, Ms. Huang knowingly sells or has authorized sales of these headlamps on the Alibaba website to Utah consumers.

Further, Ms. Huang has directly or indirectly introduced the allegedly patented design into the United States through multiple businesses, including, but

not limited to, O'Reilly Auto Parts and Best Buy, which sell flashlights utilizing the design allegedly protected by the patent-at-issue throughout the United States, including Utah. Hansen Dec. ¶ 10. Upon information and belief, Ms. Huang has understood and been aware that both O'Reilly Auto Parts and Best Buy transact business in the state of Utah and that her products would be sold in Utah.

### III.  Simple Products is Indemnifying Lowe's and Fry's

Pursuant to individual written agreements between Simple Products and Lowe's and Fry's, Simple Products has agreed to defend and indemnify Lowe's and Fry's against Ms. Huang's claims of infringement relating to the Lux Pro Headlamp. Dkt. No. 27-1 ¶ 13.

## ARGUMENT

### I.  Huang Provides No Support for Her Argument that a Decision on the Motion to Stay Should be Deferred Until After the Utah Court Decides Her Forthcoming Motion to Dismiss

The customer suit exception "is an exception to the general rule that when two suits are filed involving similar issues and similar parties, the first suit should have priority absent special circumstances. The exception applies when the first suit is filed against a customer who is a mere reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods." *Sillage LLC v. Kenrose Perfumes Inc.*, 2015 U.S. Dist. LEXIS 75965, at *12-13 (C.D. Cal. June 9, 2015). The exception is "largely based on the premise that the manufacturer has a presumed greater interest than does a customer in defending its products against charges of patent infringement, so that the manufacturer should be permitted to prosecute its declaratory judgment action elsewhere to protect itself and its clients." *Id.* "The undisputed record before the court indicates that [the true defendant] is not subject to personal jurisdiction in this district, and [plaintiff] cannot force [the true defendant to] litigate in this district by bringing suit against [a customer-reseller], knowing that [the true


defendant] will have to defend here [due to the true defendant's indemnification of the customer-reseller].  If [plaintiff] wishes to litigate its patent claims against the true defendant, it can do so in the Eastern District of Tennessee where [the true defendant] is subject to personal jurisdiction." *Wok & Pan, Indus. v. Staples, Inc.*, 2015 U.S. Dist. LEXIS 185193, at *6 (C.D. Cal. Aug. 25, 2015) (internal quotations removed).

The focus of the customer suit exception is to ensure the true defendant-in-suit, here Simple Products, is the party actually defending against claims of patent infringement, rather than one of the party's customer-resellers, and that the true defendant-in-suit can litigate those claims in a forum in which it is actually subject to jurisdiction.  This Court has already dismissed Simple Products from this lawsuit due to improper venue.  Dkt. No. 39.

The case-law does not require that the second-filed suit be free from any and all dispositive motions before a court can enter the stay—let alone motions that have not yet been filed.  Glaringly, Huang has failed to cite any authority stating that a court should delay a reasonable request for a stay for customer-resellers pursuant to the customer suit exception merely because there is a pending motion to dismiss, or other dispositive motion, against the true defendant-in-suit in the second filed action.

Additionally, the Central District of California has previously issued a stay pursuant to the customer suit exception in a suit with similar facts where personal jurisdiction in the second-filed suit was at-issue.  When addressing the jurisdictional issue in the second-filed suit, the Eastern District of Tennessee described the procedural history of the earlier-filed Central District of California litigation, *Wok & Pan, Indus. v. Staples*: "W&P filed a lawsuit against Staples on February 4, 2015, in the United States District Court for the Central District of California. W&P alleges that Staples' sale of the UT-18 table infringes on its patents . . . On April 16, 2015, Staples sent a letter to Meco requesting Meco to

defend and indemnify Staples in the lawsuit. In turn, Meco sent a letter to Maxchief on April 27, 2015, requesting that Maxchief defend and indemnify Meco and Staples. As a result, Maxchief's counsel wrote a letter to W&P on May 27, 2015, advised W&P that it manufactures the UT-18 table, and denied infringement." *Maxchief Invs., Ltd. v. Wok & Pan, Ind., Inc.*, 2017 U.S. Dist. LEXIS 215440, at *2-3 (E.D. Tenn. Sep. 29, 2017). Maxchief subsequently filed its declaratory judgment lawsuit for noninfringement and invalidity of the patents-in-suit in the Eastern District of Tennessee. *Id.* at *3. On August 25, 2015 the Central District of California court stayed the Staples action pending conclusion of the action in the Eastern District of Tennessee. *Id.* at *4. Over two years later, on September 29, 2017, the Eastern District of Tennessee court dismissed Maxchief's declaratory judgment complaint for lack of personal jurisdiction over W&P. *Id.*

Here, Lowe's and Fry's request the Court enter a stay. For the reasons articulated below (Sections II & III), Huang's yet-to-be-filed jurisdictional challenge is not likely to succeed. In the unlikely event that Huang is ultimately successful in her motion to dismiss for lack of personal jurisdiction, this Court can reopen this lawsuit against Lowe's and Fry's. In the meantime, Huang will be able to obtain discovery from the true defendant-in-suit, Simple Products, in Utah. As previously disclosed, Simple Products is likely to have most of the relevant discoverable information in this lawsuit. *See* Dkt. No. 27-1 ¶¶ 16-18.

**II.     Huang Provides No Support for Her Argument that She is Not Subject to Personal Jurisdiction in Utah**

In her Response to Lowe's and Fry's Motion to Stay, Huang argues that "a ruling on Fry's and Lowe's Motion for Stay should be deferred until the Utah District Court has an opportunity to rule on Ms. Huang's Motion to Dismiss for lack of personal jurisdiction." Dkt. No. 57 at *4. In support of Huang's yet-to-be-filed Motion to Dismiss for lack of personal jurisdiction, Huang broadly states that "[t]here is no basis for personal jurisdiction as to Ms. Huang – a Republic of

China, Taiwanese citizen – in the Utah District Court" and that she has "no contacts in Utah". Dkt. No. 57 at *2, 4.

However, Huang provides no evidence that she, as a Taiwanese citizen, could never be subject to jurisdiction in Utah. Further, she provides no evidence or a declaration that she has no contacts in Utah. Thus, Huang has entirely failed to support her claim that the Utah District Court does not have jurisdiction over her.

**III.   Huang is Subject to Personal Jurisdiction in Utah**

In determining whether a Court has specific personal jurisdiction over a foreign defendant, the Court engages in a two-step analysis. First, the Court determines whether the defendant is subject to the state's long-arm statute. Second, the Court determines whether the assertion of specific personal jurisdiction would be inconsistent with due process. *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017).

  A. *Huang Transacts Business Within Utah as Required by Utah's Long-Arm Statute*

Utah's Long-Arm Statute provides that "any person or personal representative of the person, whether or not a citizen or resident of this state, who, in person or through an agent, does any of the following enumerated acts is subject to the jurisdiction of the courts of this state as to any claim arising out of or related to . . . the transaction of any business within this state." Utah Code Ann. § 78B-3-205.

Here, it appears that Ms. Huang is knowingly selling or allowing her patented product to be sold through Alibaba, Best Buy, and/or O'Reilly to residents of the state of Utah. *Supra* at *3-4. Further, Ms. Huang has been directly involved with communications regarding allegations of infringement and negotiations/offers to license her patents with Simple Products, a resident of Utah. *Supra* at *1-3. As such, Ms. Huang is clearly transacting business within the state of Utah.

### B. Huang Has Minimum Contacts with the State of Utah

Due process requires that a defendant have sufficient "minimum contacts" with the forum state such that the suit does not offend "traditional notions of fair play and substantial justice." *Bristol-Myers Squibb v. Superior Court of Cal.*, 137 S.Ct. 1773, 1785 (2017) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Applying due process to determination of specific jurisdiction . . . precedent describes three relevant factors: . . . (1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises[1] out of or relates to the defendant's activities within the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (internal quotations removed). "The first two factors comprise the 'minimum contacts' portion of the jurisdictional framework, and in *New World International, Inc. v. Ford Global Technologies, LLC*, we held that the sending of a letter that forms the basis for the claim may be sufficient to establish minimum contacts." *Jack Henry & Assocs. v. Plano Encryption Techs. LLC*, 910 F.3d 1199, 1204 (Fed. Cir. 2018).

As detailed above, counsel for Huang has repeatedly and consistently been in contact with counsel for Simple Products and Simple Products in Utah regarding enforcement and/or negotiations/licensing of the patent-in-suit via email and phone communications. *Supra* at *1-3. Thus, Huang clearly has purposefully directed charges of infringement to Simple Products, a resident of Utah. Further still, these charges arise out of or relate to the patent-in-suit and Huang's licensing activities related to the patent-in-suit.

---

[1] For a declaratory judgment claim of non-infringement and/or invalidity of a patent, a defendant's contacts "arise" in the forum state only if those contacts "relate in some material way to the enforcement or the defense of the patent." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1336 (Fed. Cir. 2008).

### C. It is Reasonable and Fair for the Court in Utah to Exercise Personal Jurisdiction Over Huang

In determining whether it is reasonable and fair for the Utah Court to exercise personal jurisdiction over Huang, the court must first "determine whether the connection between the forum and the episode-in-suit could justify the exercise of specific jurisdiction. Then, in a second step the court is to consider several additional factors to assess the reasonableness of entertaining the case." *Xilinx*, 848 F.3d at 1354-55. If a defendant purposefully directs activities to a forum's residents, the defendant must present a compelling case that jurisdiction against them would be unreasonable. *Jack Henry*, 910 F.3d at 1205 (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995)).

Here, there is clearly a connection between Utah and Huang's infringement claims as detailed above. Further, Huang has failed to allege any evidence that litigating this suit in Utah would be any more burdensome for a Taiwanese citizen who will have to travel overseas regardless of where this lawsuit is conducted. Further still, Utah has a substantial interest in adjudicating the lawsuit as Simple Products, the party that will produce most of the discovery in this case and the true defendant-in-suit, is a resident of Utah and employs numerous individual residents in Utah. Dkt. No. 27-1 ¶¶ 14, 17. *See Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1356 (Fed. Cir. 2002) ("Just as a state has a substantial interest in preventing patent infringement within its borders, it also has a substantial interest in protecting its residents from claims of patent infringement that may be unwarranted . . . .").

### IV. Huang Does Not Address the Motion to Stay Factors and Thereby Waives Her Arguments Against Entry of a Motion to Stay

Courts generally consider three factors in deciding a motion to stay: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay

would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013) (quoting *Telemac Corp. v. Teledigital, Inc.,* 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)).

Here, there has been no discovery and a trial date has not yet been set. Huang does not dispute this fact. Here, a stay pursuant to the customer suit exception will clearly simplify the issues for any trial against Lowe's and Fry's. Huang does not dispute this fact. Here, Huang will not be unduly prejudiced or disadvantaged by issuance of the stay since this case will proceed against Simple Products in Utah. Huang does not dispute this statement. As such, Huang has waived any arguments to the contrary and all three factors support granting a stay pursuant to the customer suit exception.

In addition to the above factors, in exercising its discretion in granting a motion to stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Specifically, the Court must consider: (1) the possible damage or harm to the non-moving party which may result from granting a stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *See id.*

As above, Huang also fails to address the *Lockyer* factors. Huang has provided no argument or facts that support or suggest that she will suffer a hardship if the case is stayed against Lowe's and Fry's. Further, it is clearly a better use of judicial resources for this lawsuit to proceed in only one court against the true Defendant-in-suit, Simple Products.

## V. If the Court Grants the Motion to Stay, it Does Not Need to Issue an Order Regarding Discovery from Lowe's and Fry's

Alternatively, if the Court grants Lowe's and Fry's renewed motion to stay, Huang requested the Court "grant Ms. Huang the opportunity to engage in limited written discovery specific to the issue of damages caused by Fry's and Lowe's infringement of the '793 Patent." Dkt. No. 57 at *5.

There is no need at this time for the Court to enter such an order. First, Huang has broadly described the types of information she would like from Lowe's and Fry's and has failed to provide the Court with sufficient detail to enter such an order. Further, if this case is stayed against Lowe's and Fry's and Huang serves discovery on Lowe's and Fry's in the Utah litigation, Huang can seek judicial aid from the Court if she believes Lowe's and Fry's have not supplied sufficient responses at a time when the issues are clear and ripe for decision.

## CONCLUSION

For the foregoing reasons and all the reasons identified in its opening renewed motion for stay of proceedings against Lowe's and Fry's pursuant to the customer suit exception, Lowe's and Fry's respectfully move the Court to stay the claims against them pending the final resolution of the claims against Simple Products in Utah.

DATED: 8th day of July, 2019.

**VENABLE, LLP**
*/s/ Daniel Silverman*
Daniel Silverman

**THORPE NORTH & WESTERN, LLP**

*/s/ Jed H. Hansen*
Jed H. Hansen
Mark Bettilyon

*Attorneys for Defendants Lowe's Home Centers, LLC and Fry's Electronics, Inc.*